UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TAM and BEVERLY CHIN-TAM,<br><br>Plaintiffs,<br><br>v.<br><br>JUN HAI CHEN<br><br>Defendant | Case No. 1:25-cv-10484-DJC |

**PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT
PURSUANT TO FED.R.CIV.P. 55(b)(1)**

TO THE CLERK OF COURT:

Pursuant to Fed. R. Civ. P. 55(b)(1), Plaintiffs Peter Tam and Beverly Chin-Tam ("Plaintiffs"), by and through their undersigned counsel, hereby request that a default judgment enter against Defendant Jun Hai Chen ("Defendant"), in the amount of $750,000, which is a sum certain, in addition to their statutory interest, costs, and attorneys' fees, as detailed below, and as supported by the accompanying declarations. As further grounds, Plaintiffs state as follows:

1. On April 22, 2025, default entered against Defendant, ECF No. 7, in this action.

2. Fed.R.Civ.P. 55(b)(1) states:"[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

3. The Plaintiffs accordingly request, supported by the accompanying declarations, a default judgment as provided as follows. In accordance with the standing order, a proposed form of judgment is likewise filed accompanying this Request.

***Sum Certain or a Sum that Can be Made Certain by Computation***

4. When there is "no uncertainty about the amounts at issue; the complaint . . . contain[s] specific dollar figures," with appropriate support otherwise through affidavits and documentation, the plaintiff has set forth a "sum certain or a sum that can be made certain by computation," and the clerk properly enters judgment without need for an assessment of damages hearing. *See, e.g.*, *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114-15 (1st Cir. 2002); Fed.R.Civ.P. 55(b)(1).

5. Here, as set forth in the Amended Complaint, ECF No. 5, and its attached Exhibits, which Mr. Tam has verified in his accompanying Declaration, a copy of which is attached as **Exhibit "A,"** there is no uncertainty about the amounts at issue.

6. Plaintiffs paid Defendant $400,000, through two payments of $200,000 each. *See* Am. Compl. ¶¶ 16-17, 26-27, and Exs. A, B.

7. Defendant then provided Plaintiffs with two post-dated checks, each in the amount of $200,000, which were unable to be cashed for insufficient funds. *See id.* ¶¶ 34-42, and Ex. C.

8. Subsequently, while owing this $400,000, Defendant repaid Plaintiffs only a total of $150,000, through two wire transfers, leaving a balance of $250,000 owed. *See id.* ¶¶ 46-48, 53, and Exs. D, E. Defendant moreover admitted that he owed these sums to the Plaintiffs, including in a text message to Peter Tam in or about early September 2024. *See id.* ¶ 47.

9. Count II of the Complaint is a claim asserted under G.L. c. 93A, § 11. *See id.* ¶¶ 66-76. G.L. c. 93A, § 11 provides that damages are "up to three, but not less than two, times" the amount of "actual damages" in the event of "a willful or knowing violation," and that for any recovery under the statute, "reasonable attorneys' fees and costs" are awarded as well.

10. "A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." *Home Restaurants*, 283 F.3d at 114 (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999)).

11. The Plaintiffs have directly alleged in their Amended Complaint, at ¶ 74, that Defendant's conduct was "knowing and willful," in that "[h]e has always known the extent of his own resources available—or not—to pay the Plaintiffs at the times that he has made his serial promises to them." Furthermore, Defendant knowingly "strung Plaintiffs along . . . with frequent promises to pay Plaintiffs the full amount of $400,000 owed, but not actually doing so," and going "so far as to provide Plaintiffs with two post-dated checks in the total amount of $400,000, which were unable to be cashed, to keep the ruse going." *See id.* ¶ 71. Defendant to this end "also made numerous false statements to Plaintiffs that they would be repaid in full imminently, but not actually doing so." *See id.* ¶ 73. These allegations are furthermore supported by subsidiary allegations in the Amended Complaint, at Paragraphs 44, 47, 49, 50, and 52.

12. Because of the admitted knowing or willful violation of G.L. c. 93A, § 11, Plaintiffs are entitled to treble damages, which is a simple arithmetic calculation of the $250,000 figure as detailed throughout the Amended Complaint, multiplied by three, resulting in $750,000.

13. Plaintiffs are also entitled to their reasonable attorneys' fees and costs under the statute, in the amount of $12,816.97, as detailed in the accompanying Declaration of Counsel, a copy of which is attached as **Exhibit "B."** An award of attorneys' fees is collateral to the decision on the merits, and a hearing is not required solely on the nature of an attorney fee award. *See U.S. v. Nesglo, Inc.*, 744 F.2d 887, 890-91 (1st Cir. 1984); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-203 (1988) ("bright-line rule" that request for attorneys' fees is "collateral to" and "separate from" "the decision on the merits").

### *Jun Hai Chen is Neither a Minor Nor an Incompetent Person*

14. As set forth in the accompanying declaration of Mr. Tam, Jun Hai Chen is neither a minor nor an incompetent person.

### *Jun Hai Chen is Not a Military Member Under the Servicemembers Civil Relief Act*

15. As set forth in the accompanying declaration of Mr. Tam, Jun Hai Chen is not an active-duty military member. In addition, a Status Report Pursuant to Servicemembers Civil Relief Act, provided by the Department of Defense Manpower Data Center, likewise confirming that Jun Hai Chen is not an active-duty military member, is also attached, as **Exhibit "C."**

### *Form of Judgment*

16. In accordance with the Standing Order, a proposed form of judgment likewise accompanies this Request, attached as **Exhibit "D,"** along with the declarations.

For the foregoing reasons, the Plaintiffs respectfully request that the Clerk enter a default judgment against the Defendant, in the amount of $750,000, in addition to reasonable attorneys' fees and costs of $12,816.97, and statutory interest to be applied by the clerk.

Dated: April 24, 2025

        Respectfully submitted,

        PLAINTIFFS
        PETER TAM and BEVERLY CHIN-TAM
        By their attorney,

        */s/ Matthew A. Gens*
        Matthew A. Gens, Esq. (BBO No. 675393)
        BERLUTI McLAUGHLIN & KUTCHIN LLP
        44 School Street, 9th Floor
        Boston, MA 02108
        Phone: 617-557-3030
        Fax: 617-557-2939
        mgens@bmklegal.com

## CERTIFICATE OF SERVICE

      I, Matthew A. Gens, hereby certify that on April 24, 2025, a true and correct copy of this document filed through the ECF system has been sent by USPS Priority Mail to the Defendant, at his residential address, as follows:

>Jun Hai Chen
>28425 Fox Hollow Dr.
>Hayward, CA  94542

>*/s/ Matthew A. Gens*
>Matthew A. Gens